# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.W.-1**

**No. 18-0872** (Putnam County 17-JA-39)

**FILED**

**March 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.W., by counsel Benjamin Freeman, appeals the Circuit Court of Putnam County's September 4, 2018, order terminating her custodial rights to J.W.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Rosalee Juba-Plumley, filed a response on behalf of the child, also in support of the circuit court's order. On appeal, petitioner argues that the time limits for improvement periods are unconstitutional and that the circuit court erred in terminating her custodial rights without first granting her an extension to her improvement period or a post-dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the initiation of the instant proceedings, petitioner's parental rights to her first child, J.W.-2, were involuntarily terminated due to her drug use and her exposure of the child to the same. Petitioner gave birth to her second child, B.W., in 2015, and proceedings were initiated against her again due to her continued drug use and exposing the child to her drug abuse. Her parental rights to that child were subsequently involuntarily terminated in 2016.

Regarding the instant proceedings, petitioner gave birth to her third child, J.W.-1, in March of 2017, and the DHHR filed a child abuse and neglect petition shortly thereafter in April

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as J.W.-1 and J.W.-2, respectively.

1

of 2017. Because petitioner's parental rights to her two older children were previously permanently terminated, J.W.-1 is the only child at issue on appeal. In the petition, the DHHR noted petitioner's prior termination of parental rights, and alleged that petitioner continued to abuse drugs and gave birth to J.W.-1, who was born drug-exposed. When questioned by a hospital social worker, petitioner admitted to abusing heroin and non-prescribed Suboxone during the first several months of her pregnancy until she was placed on Subutex through a recovery program. Petitioner also admitted to a Child Protective Services ("CPS") worker that she had been living with her children J.W.-2 and B.W., despite having had her parental rights to those children previously terminated. The DHHR concluded that petitioner's drug use seriously impaired her parenting skills and abilities. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in July of 2017, wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. Petitioner also moved the circuit court for a post-adjudicatory improvement period. The circuit court held the motion in abeyance and subsequently granted petitioner a post-adjudicatory improvement period in July of 2017.

At a status hearing held in January of 2018, petitioner requested a three-month extension to her improvement period and the circuit court granted her the same. Another status hearing was held in April of 2018. While the circuit court found that petitioner was making progress in her improvement period, it noted that she was not in a position to take custody of the child and set the matter for disposition.

In July of 2018, the circuit court held a dispositional hearing. The DHHR proffered that petitioner remained in drug treatment and was unable to take custody of the child. Petitioner had not successfully completed her improvement period and the child had been in the custody of the DHHR for more than fifteen months. As such, the DHHR recommended that the circuit court terminate petitioner's parental rights. Counsel for petitioner argued that termination of petitioner's parental rights was inappropriate due to the substantial progress she had made in treatment. Petitioner's counsel suggested that a less-restrictive alternative was proper because petitioner had complied with every directive of the court and noted that true recovery takes longer than the time afforded in improvement periods. The guardian also recommended a less-restrictive alternative to termination of petitioner's parental rights given her substantial compliance. The circuit court found that petitioner had previously had her parental rights to two older children terminated due to her drug use. Petitioner then gave birth to J.W.-1, who was drug-exposed. While petitioner did participate in intensive inpatient treatment for over one year, she was not able to successfully, timely complete the same, resulting in J.W.-1 remaining in the custody of the DHHR for more than fifteen months. The circuit court denied petitioner's motions for an extension to her post-adjudicatory improvement period and a dispositional improvement period. Because the child needed permanency, the circuit court terminated petitioner's custodial rights. It is from the September 4, 2018, dispositional order that petitioner appeals.[2]

---

[2]The parental rights of J.W.-1's unknown father remain intact. The permanency plan for J.W.-1 is guardianship by B.W.'s paternal grandparents.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the time limits for improvement periods in abuse and neglect cases are unconstitutional. Petitioner points out that there are constitutional protections surrounding the right of a parent to the custody of his or her children and, in order to protect said right, circuit courts should be permitted broader discretion in extending the time in which a parent can complete an improvement period.[3] Regarding her situation specifically, petitioner

---

[3]West Virginia Code § 49-4-610 sets forth the time limits regarding improvement periods:

(1) Preadjudicatory improvement period. - A court may grant a respondent an improvement period of a period not to exceed three months.

. . . .

(2) Post-adjudicatory improvement period. - After finding that a child is an abused or neglected child pursuant to section six hundred one of this article, a court may grant a respondent an improvement period of a period not to exceed six months.

. . . .

(3) Post-dispositional improvement period. - The court may grant an improvement period not to exceed six months as a disposition.

. . . .

(continued . . .)

states that serious recovery from substance abuse "does not happen overnight" and "treatment [is] always destined to outlast the time allowed for the completion of an improvement period as prescribed by the [West Virginia C]ode." Here, petitioner asserts that she was successfully addressing her substance abuse issues when the circuit court terminated her custodial rights because the child had been in the custody of the DHHR for fifteen months. According to petitioner, termination of her custodial rights was not in the best interests of the child. Moreover, she argues "it is incongruous to try to reconcile the fluid and subjective 'best interests of the child' standard discussed by the [c]ourts with the rigid and arbitrary time limits imposed." Lastly, petitioner argues that her custodial rights should not have been terminated without first granting her an extension of her improvement period or a post-dispositional improvement period.[4] Upon our review, we find no merit to petitioner's arguments.

Petitioner correctly states that parents have a right to parent their children. We have previously held

> "[i]n the law concerning custody of minor children, no rule is more firmly established than that the right of a natural parent to the custody of his or her infant

---

(6) Extension of improvement period. - A court may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

. . . .

(9) Time limit for improvement periods. - Notwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

[4]Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a post-dispositional improvement period if "the respondent demonstrates that since the initial improvement period, the respondent has experienced a substantial change in circumstances. Further, the respondent shall demonstrate that due to that change in circumstances, the respondent is likely to fully participate in the improvement period." In her brief on appeal, petitioner fails to cite to the record to show she submitted any evidence that she underwent a substantial change of circumstances since her post-adjudicatory improvement period. Accordingly, we find that the circuit court did not err in denying petitioner a post-dispositional improvement period as she failed to demonstrate that she was entitled to the same.

4

child is paramount to that of any other person; it is a fundamental personal liberty protected and guaranteed by the Due Process Clauses of the West Virginia and United States Constitutions." Syl. Pt. 1, *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973).

Syl. Pt. 5, *In re J.G.*, 240 W. Va. 194, 809 S.E.2d 453 (2018). However, we have also held that "[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." *Id.* at 197, 809 S.E.2d at 456, syl. pt. 7 (quoting syl. pt. 3, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996)).

Regarding improvement periods, this Court has noted that "[i]mprovement periods are . . . regulated, both in their allowance and in their duration, by the West Virginia Legislature, which has assumed the responsibility of implementing guidelines for child abuse and neglect proceedings generally." *In re Emily*, 208 W. Va. 325, 334, 540 S.E.2d 542, 551 (2000). We have noted that the requirements set forth in West Virginia Code § 49-4-610

> are not mere guidelines. . . . The time limitations and standards contained therein are mandatory and may not be casually disregarded or enlarged without detailed findings demonstrating exercise of clear-cut statutory authority. Discretion granted to the circuit court within this framework is intended to allow the court to fashion appropriate measures and remedies to highly complex familial and inter-personal issues – it does not serve as a blanket of immunity for the circuit court to manage abuse and neglect cases as its whim, personal desire, or docket may fancy.

*J.G.*, 240 W. Va. at 204, 809 S.E.2d at 463. "Critically, '[a] parent's rights are necessarily limited . . . [as to improvement periods] because the pre-eminent concern in abuse and neglect proceedings is the best interest of the child subject thereto.'" *Id.* at 204, 809 S.E.2d at 463 (quoting *Emily*, 208 W. Va. at 336, 540 S.E.2d at 553). Finally,

> the statutory limits on improvement periods (as well as our case law limiting the right to improvement periods) dictate that there comes a time for decision, because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life.

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996). While we acknowledge that parents have a right to parent their children, our caselaw makes it abundantly clear that this right is not upheld to the detriment of the children.

Here, we find no error in the circuit court's decision to deny petitioner an extension to her post-adjudicatory improvement period. Circuit courts may grant an extension when

> the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not

substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

W. Va. Code § 49-4-610(6). Petitioner had the opportunity to participate in three separate improvement periods with various extensions throughout three separate abuse and neglect proceedings spanning the course of four years. The time she has had to address her substance abuse issue is substantial. However, petitioner's parental rights to two of her older children were previously terminated due to her inability or refusal to address her substance abuse issues. While we commend petitioner for her progress, we note that her improvement period in the instant proceedings alone lasted over one year and left the child in a foster placement for more than fifteen months, the child's entire life. As of the dispositional hearing, petitioner remained in treatment and was not in a position to take custody of the child. Contrary to petitioner's argument, the circuit court was not forced to terminate petitioner's custodial rights due to the "rigid" timelines for improvement periods set forth in West Virginia Code § 49-4-610. Indeed, West Virginia Code § 49-4-610(9) sets forth that

> [n]otwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, *unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits* contained in this paragraph.

(Emphasis added). Rather, the circuit court denied petitioner's request for an extension to her improvement period because she failed to demonstrate that she was entitled to the same or that an extension was in the child's best interests. Accordingly, we find no error in this regard.

We likewise find no error in the circuit court's decision to terminate petitioner's custodial rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

As mentioned above, petitioner has been the subject of three separate abuse and neglect proceedings. Her parental rights to two older children were terminated due to her inability to address her substance abuse. During the underlying proceedings, petitioner's substance abuse persisted and she entered a long-term inpatient treatment program. However, despite her progress, petitioner was unable to address her issues with substance abuse in a timely manner, which left the child in foster care and without permanency. We have previously held that "courts

6

are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened. . . ." Syl. Pt. 7, in part, *In the Interest of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991) (citation omitted). Having reviewed the record, we find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of petitioner's custodial rights was necessary for the child's welfare. Accordingly, we also find that the circuit court did not err in terminating petitioner's custodial rights.

Lastly, because the parental rights of J.W.-1's unknown father remain intact, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For these reasons, we find no error in the decision of the circuit court, and its September 4, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  March 15, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

8